**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID HARRELL,  :
: **Hon. Renée Marie Bumb**
Petitioner,  :
: Civil No. 10-0972 (RMB)
v.  :
:
DONNA ZICKEFOOSE,  :
: **MEMORANDUM OPINION**
Respondents.  :
:

**BUMB**, District Judge

1. David Harrell ("Petitioner"), an inmate incarcerated at FCI Fort Dix, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the conditions of confinement.

2. By Order and accompanying Opinion entered March 22, 2010, this Court summarily dismissed the Petition for lack of jurisdiction, without prejudice to any right Petitioner may have to assert his claims in a properly filed action of the kind authorized by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). This Court found that, because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody," Wilkinson v. Dotson, 544 U.S. 74, 81 (2005), and Petitioner did not seek either speedier release or a judicial determination that necessarily

implied the unlawfulness of his incarceration, this Court lacked habeas jurisdiction. See Zapata v. United States, 264 Fed. App'x. 242 (3d Cir. 2008) (District Court lacks jurisdiction under § 2241 to entertain inmate's challenge to prison transfer); Ganim v. Federal Bureau of Prisons, 2007 WL 1539942 (3d Cir. May 29, 2007) (same); Bronson v. Demming, 56 Fed. App'x. 551, 553-54 (3d Cir. 2002) (habeas relief is unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil complaint).

    3.   On March 23, 2010, Petitioner executed a motion for reconsideration, which the Clerk filed on March 29, 2010. Petitioner argues:

> 3.  [T]his Honorable Court has overlooked the essential functions of the OLD GREAT WRIT duty.  The law with respect to what a petitioner can challenge in an 28 U.S.C. § 2241 is not limited to change an sentence, or undo an conviction.
>
> 4.  Petitioner contends Bronson v. Demming, 56 Fed. App'x 551, 553-54 (3d Cir. 2002) is not persuasive enough for this Honorable Court to indicate that an claim of prison confinement conditions cannot be raised in an 28 U.S.C. § 2241 writ.
>
> 5.  Finally, this Honorable Court is relying upon Leamer v. Fauver, 288 F. 3d 532 (3d Cir. 2002), to limit that a claim of prison confinement conditions that would not alter an sentence or undo an conviction cannot be raised in an 28 U.S.C. § 2241, is in conflict with the U.S. Supreme Court law, as well as a

>            prisoner's liberty interest rights, and a
>            prisoner's prison rights.  (see) Form To Be
>            Used by Federal prisoners in filing a 28
>            U.S.C. § 2241.

(Docket Entry #4 at pp. 2-3.)

    4.   A motion for reconsideration is governed by Local Rule 7.1(i).  Relief under Local Civil Rule 7.1(i) may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law.  See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F. 3d 1194, 1218 (3d Cir. 1995); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

    5.   Reconsideration is not warranted to correct manifest errors of law or fact, to present newly discovered evidence, or as a result of an intervening change in law.  Because mere disagreement with the district court's decision is inappropriate on a motion for reconsideration, and should be raised through the appellate process (which Petitioner is pursuing), this Court will deny Petitioner's motion for reconsideration of the Order dismissing the § 2241 Petition for lack of jurisdiction.  (Docket Entry #5.)  See Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998) (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994)).

6. An appropriate Order accompanies this Memorandum Opinion.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
United States District Judge

Dated: May 25, 2010